Filed 3/11/21  P. v. Ramirez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUDITH RAMIREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B306829<br>(Super. Ct. No. 2010019373)<br>(Ventura County) |

Judith Ramirez appeals from the sentence imposed after her petition for writ of habeas corpus resulted in her resentencing.  In 2012, a jury convicted appellant of the second-degree murder of her 18-year old daughter, Victoria (Pen. Code, § 187, subd. (a))[1], two counts of child endangerment (§ 273a, subd. (a)), felony driving with a suspended driver's license (Veh. Code, 14601.2, subd. (a)), misdemeanor driving under the influence of alcohol with a prior DUI conviction (Veh. Code, § 23152, subd.

_____

    [1] All statutory references are to the Penal Code unless otherwise stated.

(b)), and misdemeanor driving while her license was suspended or revoked. (Veh. Code, § 14601.5, subd. (a).) The jury further found that appellant personally inflicted great bodily injury on her four-year-old son J.D.H., who was also a passenger in the vehicle (§ 12022.7, subd. (d)) and on another passenger. (§ 12022.7, subd. (a).) Appellant was sentenced to an indeterminate term of 15 years to life on the murder, plus consecutive terms totaling 8 years for the great bodily injury enhancements. Terms imposed for her other offenses were stayed under section 654.

In *People v. Cook* (2015) 60 Cal.4th 922, our Supreme Court held, "subdivision (g) of section 12022.7 means what it says: Great bodily injury enhancements do not apply to a conviction for murder or manslaughter." (*Id.* at p. 924.) Appellant petitioned for writ of habeas corpus, contending she should be resentenced because great bodily injury enhancements were attached to her sentence for second-degree murder. Respondent agreed. At the subsequent resentencing hearing, the trial court stuck the enhancements previously imposed on appellant's murder conviction. It also lifted the section 654 stay imposed on her conviction of child endangerment, imposed a term of four years for that offense and imposed a great bodily injury enhancement of three years for that conviction. The resulting aggregate term of 23 years to life is one year shorter than the aggregate term originally imposed. Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed a brief raising no issues. On January 11, 2021, we advised appellant that she had 30 days within which to personally submit any

contentions or issues she wished us to consider.  No response has been received.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                    YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

3

Bruce Young, Judge

Superior Court County of Ventura

_____

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.